UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-99-GWU

CHRISTINE WILSON, PLAINTIFF,

VS.           **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

## INTRODUCTION

Christina Wilson brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income (SSI). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

>    Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

07-99 Wilson

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In

such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Wilson, a 54 year-old former housekeeper with a "limited" education, suffered from impairments related to a depressive disorder and an anxiety disorder. (Tr. 16, 18).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of work at all exertional levels.  (Tr. 21).  Since the claimant would be able to return to her past relevant work, she could not be considered totally disabled.  (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of SSI. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

07-99  Wilson

In determining that Wilson could return to her past relevant work, the ALJ relied heavily upon the testimony of Vocational Expert Katherine Bradford. The hypothetical question presented to Bradford included such non-exertional restrictions as (1) a "limited but satisfactory" ability to deal with work stresses, to maintain attention and concentration and to relate predictably in social situations; (2) a limitation to simple one-two step instructions; and (3) a "seriously limited but not precluded" ability to deal with the public. (Tr. 393). In response, Bradford testified that Wilson's past work as a housekeeper could still be performed. (Id.). The witness also identified a significant number of other jobs which could still be performed. (Id.). The ALJ relied upon this information to support the administrative decision. (Tr. 20).

The Court notes in passing that the ALJ erred in finding that Wilson could return to her past relevant work. The plaintiff indicated on the Disability Report that she last worked as a housekeeper on December 31, 1990. (Tr. 67). The administrative hearing was held on July 25, 2006 and the ALJ issued the denial decision on August 22, 2006. Thus, the past work was performed more than 15 years earlier. The administrative regulations provide that "we do not usually consider that work you did 15 years or more before the time we are deciding whether you are disabled applies." 20 C.F.R. Section 416.965(a). Since Bradford

07-99 Wilson

also cited a significant number of other jobs, an alternative ground would exist to support the administrative decision. Therefore, the error was harmless.

The ALJ did not deal properly with the evidence of record relating to Wilson's physical condition. Thus, the hypothetical question did not fairly characterize the plaintiff's condition and this was not harmless error.

The ALJ found that Wilson did not suffer from a "severe" physical impairment. However, Dr. Neil Barry, a treating physician, noted diagnoses of irritable bowel syndrome and arthritis. (Tr. 331). Dr. Barry also identified a number of extremely severe physical limitations.[1] These included an inability to sit for more than two hours a day in 30 minute intervals as well as stand/walk for the same time periods. (Tr. 332-333). Lifting was restricted to 10 pounds on an occasional basis. (Tr. 333). Significant restrictions concerning reaching, grasping, and fine manipulation were also indicated. (Tr. 334). The ALJ rejected Dr. Barry's opinion because he did not believe that the objective data contained in the physician's treatment records supported such severe physical limitations. (Tr. 19). However, at least some objective findings were cited. These included muscle spasm, joint instability, and sensory changes. (Tr. 278). Thus, the doctor's opinion was not totally lacking in support.

---

[1] This form was originally completed by Jamie Carnes, a colleague of Dr. Barry and a nurse-practitioner. (Tr. 334). Dr. Barry adopted the opinion when he later signed it.

9

07-99 Wilson

The only other medical source to address the issue of Wilson's physical limitations was Dr. Jorge Baez-Garcia, a non-examining medical reviewer. Dr. Baez-Garcia opined that the plaintiff's physical problems did not impose significant work-related limitations. (Tr. 328). An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Social Security Ruling 96-6p suggests that when the examining source is also a treating physician, the non-examiner needs to have reviewed a complete record which includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than that which was available to the treating physician. In the present action Dr. Baez-Garcia did not address Dr. Barry's opinion. (Tr. 328). Furthermore, the reviewer would not appear to have even had the opportunity to see Dr. Barry's assessment form and treatment records. Dr. Baez-Garcia reviewed the record on September 27, 2005. (Id.). However, Exhibit 8f, which included Dr. Barry's treatment records, contained reports dated as late as October 14, 2005, after the reviewer saw the record, while Dr. Barry's assessment was signed July 18, 2006 (Tr. 334). Thus, this information would not have been available to Dr. Baez-Garcia. Furthermore, the record does not contain the report of a specialist who provided more detailed and

07-99 Wilson

comprehensive information than the examining source. Therefore, a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 23rd day of January, 2008.

Signed By:

*G. Wix Unthank*

United States Senior Judge